## 72773. PACE v. EMPIRE DISTRIBUTORS, INC.
(347 SE2d 724)

BANKE, Chief Judge.

In December of 1984, the appellee, Empire Distributors, Inc., a wholesale distributor of distilled spirits, made a series of sales of inventory to Post Bottle and Liquor Company, a retailer of distilled spirits. Post Bottle paid for the purchases at the time of the deliveries with a series of checks, totalling approximately $11,000, drawn on its bank account. Shortly thereafter, the appellant, Clifford Pace, purchased Post Bottle from its previous owners.

Each of the checks in question was dishonored upon presentment to the bank. On March 29, 1985, Post Bottle agreed in writing to satisfy its remaining obligation on the checks by paying Empire Distributors $8,800 in four monthly installments of $2,200 each. Appellant Pace personally guaranteed Post Bottle's obligation under this agreement. This is an appeal by Pace from a grant of summary judgment to Empire Distributors in a suit against Pace and Post Bottle to collect the balance owing under the repayment agreement. At issue is whether a material question of fact exists with respect to Pace's defense that the agreement was founded upon an illegal consideration in that it sought to extend credit or defer payment for the purchase of distilled spirits, in contravention of certain rules and regulations promulgated by the State Revenue Department. *Held*:

The pertinent Rules and Regulations of the State Department of Revenue are as follows: "The consideration paid for all distilled spirits or wine purchased from a wholesaler by a retail dealer or retail consumption dealer shall be cash paid at or before delivery . . . Giving or receiving post-dated checks, or other evidences of indebtedness, or other subterfuges for obtaining or extending credit shall be a violation of this Regulation." Rules & Regulations of the State of Georgia, Official Compilation, § 560-2-2-.17 (3) (9).

"*Invalid Checks.* If any check given to any wholesaler in whole or part for payment of distilled spirits is not honored or paid upon prompt presentation at the drawee bank, and the same is not made good within 36 hours after its return to the wholesaler, the wholesaler shall forthwith forward the same, or a photocopy of same, together with a copy of the invoice, or invoices in payment of which such check was received, to the Commissioner or be in violation of this Regulation, and the retail dealer or retail consumption dealer licensee drawing the check or for whose account the check was given shall also be in violation hereof." Id. at § 560-2-3-.44.

We find nothing in the language of either of these regulations which would absolve a retailer from liability to a wholesaler on a bad check given in payment for distilled beverages at the time of delivery, absent an agreement or understanding between the parties that presentment of the check for payment would be deferred until some future date. No such arrangement is alleged in this case, nor do we perceive how either the execution by the retailer or the repayment agreement or Pace's guarantee thereof can reasonably be construed as a subterfuge for obtaining distilled spirits on credit.

It being quite clear that no credit was intended to be extended by the wholesaler at the time it accepted the checks and that no additional indebtedness for any new purchases was created at the time the repayment agreement was executed, we hold that the trial court did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 15, 1986.

*Stanley R. Carpenter*, for appellant.
*Gilbert H. Deitch*, for appellee.